Frank Delaney v. Commissioner.
Delaney v. Commissioner
Docket Nos. 54680, 70127.
United States Tax Court
T.C. Memo 1960-28; 1960 Tax Ct. Memo LEXIS 263; 19 T.C.M. (CCH) 151; T.C.M. (RIA) 60028; February 24, 1960
Frank Delaney, Esq., pro se, 60 East 42nd Street, New York, N. Y. John J. O'Toole, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This proceeding involves deficiencies in income tax and additions thereto as set forth below: Additions to Tax under 1939 I.R.C.
Sec. 294
Sec. 294
Dkt. No.
Year
Deficiency
Sec. 291(a)
Sec. 293(b)
(d)(1)(A)
(d)(2)
54680
1947
$ 29,786.84
1948
80,132.40
1949
49,988.46
1950
152,931.24
$15,293.12
$9,175.87
70127
1952
55,528.21
$13,882.05
$27,764.11
4,997.55
3,331.69
The issues for decision are (1) the amount of deductible business expenses incurred by petitioner during the years in issue; *264 and (2) whether the additions to tax under section 291(a) and 294(d)(1)(A) were properly determined. Findings of Fact During some of the years in issue, Frank Delaney (hereafter referred to as the petitioner) resided in Tallahassee, Florida. His Federal income tax returns for the years 1947, 1948, 1949 and 1950 were filed with the former collector of internal revenue for the district of Florida. His 1952 return was filed with the district director of internal revenue for the district of Florida. Each of the returns for the years 1947 through 1950 was filed jointly with his wife, Kristina Delaney; and each was prepared by an accountant from information supplied by the petitioner. At all times material hereto, petitioner was an attorney admitted to practice in the State of New York. He maintained offices in the Lincoln Building, located in New York City. On his returns for the years in issue petitioner claimed various itemized deductions, all of which were disallowed by respondent as being unsubstantiated. These deductions were for the items, and in the amounts set forth below: 1947
1948
1949
1950
1952
Business expenses
$25,817.19
$38,693.48
$40,756.53
$46,672.74
$48,584.00
Interest
2,000.00
2,252.82
2,636.45
5,277.10
720.00
Taxes
3,612.50
2,829.48
2,196.33
350.00
Alimony
7,005.40
5,405.40
5,405.40
5,405.40
Contributions
23.60
51.80
127.00
Loss from casualty
93.51
*265 During the years 1947 through 1950, petitioner realized gains from capital transactions which he reported variously on his returns as long or short-term capital gains. Respondent allowed petitioner none of the cost bases claimed with respect to these transactions on the grounds that they were unsubstantiated. He then determined that the gross proceeds received on these transactions plus capital loss carryovers claimed, less net gains reported, represented short-term capital gains, and accordingly increased petitioner's income for each of those years in the following amounts: 1947
1948
1949
1950
$15,541.50
$101,494.14
$48,315.54
$158,314.29
Respondent further determined that petitioner failed to report taxable income in 1952 in the amount of $35,771.50, and also determined additions to tax under sections 294(d)(1)(A) and 294(d)(2) for the years 1950 and 1952, and additions to tax under sections 291(a) and 293(b) for the year 1952. As a result of investigation made subsequent to the mailing of the notice of deficiency, respondent, at trial, made concessions with respect to the itemized deductions claimed by petitioner on his returns for each of the *266 years in issue, as well as with respect to the capital transactions reported thereon. Thus, he has allowed petitioner all the deductions claimed, excepting business expenses in the amounts set forth below. Further, he has conceded to petitioner a cost basis for the capital assets sold equal to 70 per cent of the gross sales proceeds as originally returned, resulting in a reduced amount of additional income attributable to those transactions as set forth below. 1947
1948
1949
1950
1952
Business expenses
$3,545.90
$ 7,430.17
$ 9,563.29
$ 8,970.20
$10,723.98
Additional income attribut-
able to capital transactions
4,662.45
30,448.24
14,494.66
47,494.29
In addition, respondent has conceded that the amount of $35,771.50 did not constitute income taxable to the petitioner in the year 1952; and that petitioner was not liable for the additions to tax determined under sections 293(b) and 294(d)(2). During each of the years in issue, petitioner entertained various clients in connection with his legal practice. He expended at least $500 on this entertainment during each of the years 1947, 1948, 1949, 1950 and 1952. In 1952, petitioner represented *267 the corporation Compania Maubas Maritima, S.A. and its two owners. In connection with that representation, he was paid $10,000 by these two individuals, all of which he returned as income. However, pursuant to agreement, $3,500 of that amount was paid by petitioner to the corporation on behalf of the individuals concerned. Petitioner deducted this $3,500 payment on his return for 1952 as a disbursement made for clients. Respondent disallowed this deduction. Opinion The instant controversy is entirely factual. The principal issue concerns respondent's disallowance of the business expenses claimed by petitioner on his returns for each of the years in issue. Initially respondent disallowed all such expenses, however, as noted in our Findings, he has made major concessions with respect to his original determination. In addition to the amounts conceded by respondent, our Findings give petitioner deductions in each of the years in issue of $500 for entertainment, and a reduction in 1952 of $3,500 for a disbursement made on behalf of a client. As to the entertainment expenses, the record indicates respondent disallowed the entire amount claimed by petitioner for this item on each of *268 his returns for the years under consideration. However, the record further indicates that petitioner was required, by virtue of his profession, to entertain clients. When called upon to substantiate the amounts so expended, petitioner offered nothing in the way of detailed proof and relied on his own general statements. In this state of the record, bearing most heavily on the party upon whom the law has placed the burden of proof, we have found as a fact that $500 was expended by petitioner for entertainment of clients during each of the years before us. (C.A. 2, 1930). The record also indicates that $3,500 of a $10,000 payment, received in 1952 by petitioner from the owners of Compania Maubas Maritima, S. A; was paid during that year to the corporation. Thus, we believe petitioner has established he was entitled to eliminate this $3,500 from income as a disbursement on behalf of a client. Respondent's disallowance of this item was erroneous. Insofar as the remaining business expense disallowances and the capital transactions are concerned, the record is completely devoid of any proof upon which we might find in petitioner's favor. *269 Petitioner admits he has no record of his capital transactions, his explanation being that they have been lost. In the absence of convincing proof respondent's determination, adjusted for concessions, must be sustained. No evidence having been introduced with respect to the additions to tax under sections 291(a) and 294(d)(1)(A), they are sustained subject to the adjustments necessitated by our decision on the above issues, and respondent's concessions. Decisions will be entered under Rule 50.